UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**98-0443 CR - GOLD**

MAGISTRATE JUDGE
BROWN

| UNITED STATES OF AMERICA | ) | NO: |
|---|---|---|
| | ) | 21 USC 952(a) |
| | ) | 21 USC 841(a)(1) |
| v. | ) | |
| | ) | |
| LATESHA DENESE MAIR | ) | INDICTMENT |
| | ) | |

FILED by _____ D.C.
MAG. SEC.

JUN 1 1 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

The Grand Jury charges that:

### COUNT I

On or about June 3, 1998, at Miami International Airport, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LATESHA DENESE MAIR,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 952(a).

### COUNT II

On or about June 3, 1998, at Miami International Airport, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LATESHA DENESE MAIR,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL

*Ronnie H. Fisher*
FOREPERSON

*[signature]*
THOMAS E. SCOTT
UNITED STATES ATTORNEY

*[signature]*
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LATESHA DENESE MAIR

CASE 98-0443CR-GOLD
MAGISTRATE JUDGE BROWN

CERTIFICATE OF TRIAL ATTORNEY*

Related Case Information:
SUPERSEDING          Yes ___    No  X
New Defendant(s)     Yes ___    No ___
Number of New Defendants  ___
Total number of counts    ___

Court Division: (Select One)

 X  Miami   ___ Key West
___ FTL     ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)  NO
List language and/or dialect  _____

FILED by ____ D.C.
MAG. SEC.
JUN 11 1998
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                      (Check only one)

   I    0 to 5 days      X       Petty       ___
   II   6 to 10 days    ___      Minor       ___
   III  11 to 20 days   ___      Misdem.     ___
   IV   21 to 60 days   ___      Felony       X
   V    61 days and over ___

6. Has this case been previously filed in this District Court?  (Yes or No) NO
If yes:
Judge:_____ Case No. _____
(Attach copy of dispositive order)

7. Has a complaint been filed in this matter?   (Yes or No) YES
If yes:
Magistrate Case No.  98-2886-JOHNSON
Related Miscellaneous numbers:_____
Defendant(s) in federal custody as of  6/3/98
Defendant(s) in state custody as of_____
Rule 20 from the_____  District of_____

8. This case originated in the U.S. Attorney's office prior to August 16, 1985
   (Yes or No)  No

                           YVONNE RODRIGUEZ-SCHACK
                           ASSISTANT UNITED STATES ATTORNEY
                           FLORIDA BAR NO. 794686

*Penalty Sheet(s) attached                                 REV.12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**98-0443 CR - GOLD**

*PENALTY SHEET*

Defendant Name: LATESHA DENESE MAIR          Case No.: **MAGISTRATE JUDGE BROWN**

| Count 1 | IMPORTATION OF COCAINE |
|---|---|
| | 21:841(a)(1) |

*Max Penalty: 40 YEARS IMPRISONMENT

| Count 2 | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
|---|---|
| | 21:952(a) |

*Max Penalty: 40 YEARS IMPRISONMENT

FILED by
MAG. SEC. _____ D.C.
JUN 1 1 1998
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

    Defendant,
LATRESHA DENESE HAIR

FILED by _____ D.C.
JUN 0 9 1998
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

APPEARANCE BOND: #50,000 PSB
CASE NO.: 98-2886-Johnson

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 50,000 PSB.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:
    7528 Arlington Expressway, Apt 108
    Jacksonville, FL 32211

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/FM-2
REV. 7/90

— 1 —

DEFENDANT: LATRESHA DENESE MAIK

CASE NUMBER: 98-2006-AJ-SEITZEN

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

X a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

X b. Report to Pretrial Services as follows: _1 time a week by phone, 1 time a week in person_

X c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

X d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew: _____

___ i. Comply with the following additional special conditions of this bond: _Travel restricted to SD Dist of FL and middle Dist of FL_

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrail release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do do.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
WHITE to Court file
BLUE to defendant
GREEN to Assistant U.S. Attorney
YELLOW to Counsel
PINK to U.S. Marshal
GOLD to Pretrial Services

— 2 —

DEFENDANT: LATRESHO... MAIR
CASE NUMBER: 98-2806-JOHNSON

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial offficer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 9th day of June, 1998, at Miami, Florida.
Signed and acknowledged before me:
WITNESS: Paul M. Stage
ADDRESS: AFPD
ZIP: _____

DEFENDANT: (Signature) _____
ADDRESS: 7528 Arlington Rd Apt 108, Jacksonville ZIP 32211
TELEPHONE: (904) 855-0511

### CORPORATE SURETY

Signed this _____ day of _____, 19___, at _____, Florida.
SURETY: _____
ADDRESS: _____
ZIP: _____

AGENT: (Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 9th day of June, 1998, at Miami, Florida.
SURETY: (Signature) _____
PRINT NAME: LINDA DIANE MAIR
RELATIONSHIP TO DEFENDANT: Mother
ADDRESS: 7538 Norfolk Blvd, Jacksonville 32208
TELEPHONE: (904) 768-8708

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____
TELEPHONE: _____

### APPROVAL BY COURT

Date: 6/9/98

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 3 —

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,
v.

APPEARANCE BOND: $10,000 10%
CASE NO.: 98-7284

FILED by _____ D.C.
JUN 0? 1998
CARLOS _____
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

    Defendant,
LATRESHA DENISE MAHK

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 10,000 10% BOND.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:
    7528 ARLINGTON EXPRESSWAY, APT 108
    JACKSONVILLE, FL 32211

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/FM-2
REV. 7/90

— 1 —

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

- [X] a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.
- [X] b. Report to Pretrial Services as follows: _1 time a week by phone; 1 time a week in person_
- [X] c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
- [X] d. Maintain or actively seek full-time gainful employment.
- [ ] e. Maintain or begin an educational program.
- [ ] f. Avoid all contact with victims of or witnesses to the crimes charged.
- [ ] g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
- [ ] h. Comply with the following curfew: _____
- [ ] i. Comply with the following additional special conditions of this bond: _Travel restricted to So. Dist. of Florida and Middle District of Florida_

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrail release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do do.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 2 —

DEFENDANT: LATRESHIA D. AVERY-MAIR
CASE NUMBER: 98-2886-JOHNSON

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial offficer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 9th day of June, 1998, at Miami, Florida.

Signed and acknowledged before me:
WITNESS: Gail M. Hape
ADDRESS: AFPD
ZIP: _____

DEFENDANT: (Signature) Latreshia
ADDRESS: 7528 Arlington Expressway Apt 108, Jacksonville, FL ZIP 32211
TELEPHONE: (904) 855-0511

### CORPORATE SURETY

Signed this ___ day of _____, 19 ___, at _____, Florida.
SURETY: _____
ADDRESS: _____
ZIP: _____
AGENT: (Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 9th day of June, 1998, at Miami, Florida.
SURETY: (Signature) Linda D. Mair
PRINT NAME: LINDA DIANE MAIR
RELATIONSHIP TO DEFENDANT: Mother
ADDRESS: 7538 Norfolk Blvd, Jacksonville 32208
TELEPHONE: (904) 768-8708

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____
TELEPHONE: _____

## APPROVAL BY COURT

Date: 6/9/98

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

- 3 -

AO82
(Rev. 4/90)

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**SOUTHERN DISTRICT OF FLORIDA**
at Miami

RECEIVED FROM Linda D Mair
9538 Norfolk Blvd.
Jacksonville Florida 32208-4088

USA vs Latrecha Deneice Mair

SST-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

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | | |
| 604700 | Registry Funds | | |
| 508800 | General and Special Funds | | |
| 085000 | Immigration Fees | | |
| 086900 | Attorney Admission Fees | | |
| 322340 | Filing Fees | | |
| 322350 | Sale of Publications | | |
| 322360 | Copy Fees | | |
| 143500 | Miscellaneous Fees | | |
| 322380 | Interest | | |
| 322386 | Recoveries of Court Costs | | |
| 121000 | Restitution to U.S. Government | | |
| 129900 | Conscience Fund | | |
| 504100 | Gifts | | |
| 613300 | Crime Victims Fund | | |
| 510000 | Unclaimed Monies | | |
| 510100 | Civil Filing Fee (½) | | |
| | Registry Fee | | |
| | | TOTAL | 1,000.00 |

Case Number or Other Reference 98-288c-MG-Johnson

Appearance Bond To be Invested

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DATE 06/05 19 98 | Cash | Check | M.O. | Credit | DEPUTY CLERK

224023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2886-JOHNSON

UNITED STATES OF AMERICA,

vs.

LATRESHA DENISE MAIR

_____/

**ORDER DENYING REQUEST FOR
PRE-TRIAL DETENTION**

THIS CAUSE came before the Court for a Pre-Trial Detention hearing. Upon consideration, it is

ORDERED AND ADJUDGED that the government's request for Pre-Trial Detention is DENIED, bond is set at:

(X) Personal Surety, unsecured, in the amount of $50,000.
(X) Both Co-Signed by Mother
    Personal Surety in the amount of $10,000 with 10% posted with the Clerk of the Court.

___ Full Cash in the amount of _____.

___ Corporate Surety in the amount of _____.

In addition to the standard conditions of bond, the following special conditions are hereby imposed:
(X) Defendant shall maintain present residence. IN Jacksonville
(X) Refrain from possessing a firearm, destructive device or other dangerous weapons.
( ) Curfew imposed 7 days a week, from _____ to _____ a.m.
(X) Surrender all travel documents to Pretrial Services Office.
(X) Report to Pretrial Services __1__ times/week in person __1__ times/week by phone.
(X) Maintain/actively seek full-time gainful employment.
( ) Defendant may travel to _____ in connection with charges pending in that District.
(X) Restricted to the Southern District of Florida. + MDFL
( ) Electronic monitoring; expenses to be paid by the defendant.
(X) Comply with the following additional special conditions of this bond: drug testing as directed by PTS

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____.

DONE AND ORDERED at Miami, Florida this 9TH day of JUNE, 1998.

Tape No.98B-53-205
Defense Counsel Guil Silig APPD
U.S. Attorney Y Rodriguez-Shack
U.S. Pretrial Services
U.S. Marshal Service

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA



koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 98-2886-JOHNSON

UNITED STATES OF AMERICA

    Plaintiff,

ORDER ON INITIAL APPEARANCE
Language _English_
Tape No. 98FX _45-3421_
AUSA _Yvonne Rodriguez_
Agent _____

v.

LATRESHA DENISE MAIR (J)58440-004

    Defendant.
_____/

    The above-named defendant having been arrested on _____ having appeared before the court for initial appearance on _6/4/98_ and proceedings having been held in accordance with F.R.C.P. 5 or 40(a), it is thereupon
    **ORDERED** as follows:
1. _____ appeared as permanent/temporary counsel of record.
  Address:_____
  Zip Code: _____ Telephone: _____
2. _____PFD_____ appointed as permanent counsel of record.
  Address: _____
  Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am 6/12_, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _grave danger risk of flight_
  A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am 6/9_, 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____

This bond was set: At Arrest ____✓____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    DONE AND ORDERED at Miami, Florida, this __4TH__ day of ____JUNE____ 1998.

                                           _____
                                           UNITED STATES MAGISTRATE JUDGE
                                           LINNEA R. JOHNSON

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

LATESHA DENESE MAIR

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 98-2886

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 3, 1998 at Miami International Airport Miami-Dade County in the Southern District of Florida, the defendant did knowingly and intentionally import into the United States from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about June 3, 1998 at approximately 5:20 p.m. the defendant LATESHA DENISE MAIR, arrived at Miami International Airport aboard LM Airlines Flight #971 from Pairamairbo, Suriname. After being admitted into the United States by the Immigration & Naturalization Service the defendant presented herself and her luggage to the U.S. Customs Service for examination. During a secondary examination U.S. Customs Inspectors discovered a white powdery substance secreted in a girdle the defendant was wearing. A field test of the white powdery substance proved positive for the presence of cocaine. The approximate net weight of the cocaine was 9.47 pounds.

Signature of Complainant
CHRISTOPHER F. MCKENNEY, USCS
6/4/98

Sworn to before me, and subscribed in my presence,

_____6-4-98_____
Date

at Miami, Florida
City and State

United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

# UNITED STATES DISTRICT COURT
## Southern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case Number: CR _____ |
| Plaintiff ) | |
| ) | REPORT COMMENCING CRIMINAL ACTION |
| -vs- ) | |
| Lafresha Mair ) | |
| Latresha Denise Mair ) | |
| Defendant | |

TO: Clerk's Office     **MIAMI**     FT. LAUDERDALE     W. PALM BEACH
U.S. District Court                   (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1) Date and Time of Arrest: 6-3-98   8:00 pm am/pm

(2) Language Spoken: English

(3) Offense(s) Charged:   21 USC 841(a)(1)   Possession With Intent to Distribute
                          21 USC 952(a)      Importation of a Controlled Substance

(4) U.S. Citizen: (X)Yes   ( )No   ( )Unknown

(5) Date of Birth: _____

(6) Type of Charging Document: (check one)
    ( )Indictment   (X)Complaint   To be filed/Already filed
    Case # _____

    ( ) Bench Warrant for Failure to Appear
    ( ) Probation Violation Warrant
    ( ) Parole Violation Warrant

    Originating District: _Southern District of Florida_

    COPY OF WARRANT LEFT WITH BOOKING OFFICER ( )YES (X)NO

Amount of Bond: $ _____   Who set Bond: _____

(7) Remarks: _____

(8) Date: 6-3-98   (9) Arresting Officer: S/A Christopher F. McKenney

(10) Agency: _U.S. CUSTOMS SERVICE_   (11) Phone: (305) 590-4447

FILED BY _____ DC
98 JUN -4 AM 8:58
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

RECEIVED
1998 JUN -4 AM 8:54
UNITED STATES MARSHAL
SOUTHERN DISTRICT OF FLORIDA
MIAMI OFFICE